IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ERNEST GARCIA, JR., | § | |
| TDCJ-CID # 1150199, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-92 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Ernest Garcia, Jr. ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 13. Having considered the motion, record, and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED for failure to exhaust his state remedies.

### Background

Petitioner was convicted after a guilty plea to a charge of aggravated robbery on September 9, 2002. Dkt. No. 11, Tr. of Plea-Bargain Agreement at 5.[1] The trial court sentenced Petitioner to eighteen years in prison. *Id.* Petitioner appealed, but then moved to withdraw his notice of appeal. The Texas Court of Appeals thus dismissed Petitioner's appeal on June 29, 2005. *Garcia v. State*, No. 04-04-00682-CR (Tex. App. June 29, 2005). Petitioner did not file a petition for discretionary

---

[1] The Clerk's Record at 93 indicates that the plea was nolo contendere, but the transcript and the plea materials themselves contradict this. The Court assumes that the plea was actually "guilty," but it makes no difference to the outcome of this case.

review.  Dkt. No. 13, Exh. A.

Petitioner filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals on February 17, 2006.  Dkt. No. 11, App. for Writ of Habeas Corpus.  That court denied the application on May 10, 2006.  *Id.*  The instant petition was filed on September 8, 2006.  Dkt. No. 1.

## Claims

Petitioner's claim is based on ineffective assistance of counsel.  He argues that his trial counsel failed to investigate and present evidence related to his mental capacity that would have mitigated his sentence.  *Id.*, Memo. of Law at 4.

## Statute of Limitations

Respondent argues that Petitioner's petition is not timely.  The limitations period on applications for habeas corpus relief is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Respondent relies on the Texas Rules of Appellate Procedure to argue that the appellate court did not have jurisdiction over his appeal. Thus, Respondent claims, the appeal should be treated as if it never happened, so Petitioner's judgment became final on the day of his plea. However, the Fifth Circuit has made clear that a failure of jurisdiction in the state court does not render an appeal nugatory for the purposes of the statute of limitations. *See Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004).

Further, this case, unlike *Foreman*, does not involve an appeal dismissed for lack of jurisdiction. Rather, the Texas Court of Appeals dismissed the appeal on Petitioner's motion. While the Court of Appeals may well have had no jurisdiction over Petitioner's appeal pursuant to state law, that is a matter for the state courts to determine, not this Court. Petitioner's direct review, then, did not end until the state court of appeals dismissed Petitioner's appeal, and the thirty days for filing a petition for discretionary review had lapsed. Since Petitioner's appeal was dismissed on June 29, 2005, he had until July 29, 2005 to file his petition with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2(a). Having failed to so file, Petitioner had one year from that date to file the instant petition, or until July 29, 2006. He filed his state petition for a writ of habeas corpus on February 17, 2006. This stopped his federal clock with 162 days left. After the state petition was denied on May 10, 2006, only 121 days elapsed before he filed the instant petition. Thus,

Petitioner's petition is timely.[2]

## Exhaustion

Petitioner must have exhausted his remedies in state court before he files a federal habeas petition. Section 2254(b) reads, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)
> (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). In order to exhaust his remedies, Petitioner must have presented his claims to the state courts. If Petitioner brings new claims not presented in the state courts or new evidence to support the old claims, he will be deemed not to have exhausted his remedies. *See, e.g.*, *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) ("[A] habeas petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.").

Petitioner's state habeas petition raised ineffective assistance of counsel claims, as the instant petition does, but the alleged factual basis for it is different. At the state proceeding, he argued a variety of bases, but none of them involved a failure to investigate Petitioner's mental capacity so as to mitigate punishment. *See* Dkt. No. 11, App. for Writ of Habeas Corpus at 11-30. Petitioner's claims at the state level all involved the guilt phase of the criminal proceeding, while his federal claim invokes the punishment phase.

---

[2] Even if Petitioner had no right to file a petition for discretionary review, his state habeas application would have stopped the federal clock with 132 days remaining, so the 121-day gap between the denial of the state application and the filing of the instant application would still not disqualify Petitioner on time-bar grounds.

Petitioner's claims then, have not been exhausted. There are no allegations or evidence to support a claim that the exhaustion exceptions apply: there is no "absence of available State corrective process;" and that process does not appear to be "ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B).

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED. The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 28th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE